HUNT *v.* DELL.

Opinion delivered January 17, 1921.

1. MASTER AND SERVANT—DUTY TO GIVE WARNING.—A master is not liable for failure to warn an intelligent and experienced servant of dangers incident to the use of machinery which he has been accustomed to use.

2. MASTER AND SERVANT—ASSUMED RISK.—An employee of intelligence and experience assumes the risk of starting a gasoline engine by turning the flywheels and of going between two flywheels for that purpose; such risk being obvious.

Appeal from Clay Circuit Court, Western District; *R. H. Dudley,* Judge; reversed.

*F. G. Taylor,* for appellant.

The court should have directed a verdict for defendant, as plaintiff's injury was the result of an assumed risk of his own negligence, as shown by the undisputed evidence. There was no negligence of the master in failing to warn a man of ordinary intelligence and experience in the operation of machinery as to its condition and danger, which were obvious and not concealed. Plaintiff assumed the risk. 180 S. W. 984; 95 Ark. 560; 82 *Id.* 534; 93 *Id.* 153; 107 *Id.* 341. By his own negligent act he went into a dangerous place and was injured, and no one was responsible for his injury. 66 Ark. 237; 125 *Id.* 480. The defect was obvious, and so was the danger, and plaintiff assumed the risk. 135 Ark. 503 and cases cited. The case should be reversed and dismissed, as the case is fully developed. A verdict should have been directed on the defenses of assumed risk and contributory negligence.

*Oliver & Oliver,* for appellee.

Where a young and experienced servant is employed to operate a dangerous machine, it is the duty of the master to inform him how to operate it safely, and for an injury caused by a breach of such duty the master is liable in damages. 71 Ark. 55; 81 *Id.* 247; 73 *Id.* 49; 105 *Id.* 247; 115 *Id.* 380. See, also, to same effect, 82 Ark. 243; 90 *Id.* 473. Not only was defendant negligent in failing to warn plaintiff of the danger, but he was further negligent in failing to put in working order after the fire the compressed air starter. The question as to whether he was negligent in failing to do either was a question of fact submitted to the jury on proper instructions, and the verdict is sustained by ample testimony.

HUMPHREYS, J.   Appellee instituted suit against appellant in the Clay Circuit Court, Western District, to recover damages on account of an injury received while engaged in cranking a gasoline engine by assisting others in turning a fly-wheel attached thereto, which engine was used as the power in the operation of a gasoline dredge boat.   Two grounds of negligence were charged and made the basis of the action.   The first allegation was that appellee was a minor, inexperienced in the use of the machinery, and that appellant failed to warn him of the dangers incident to the operation of the machinery and place in which he was required to work.   The second allegation was that the machinery was defective, in that the engine was being operated without a compressed air starter.

Appellant interposed the defenses of assumed risk and contributory negligence on the part of appellee.

The cause was submitted on the pleadings, evidence and instructions of the court, which resulted in a verdict and judgment in favor of appellee against appellant for $998.75, from which verdict and judgment an appeal has been prosecuted to this court.

Appellee, a reasonably intelligent young man of twenty years of age, was employed about the 15th day of December, 1916, by appellant, as a laborer on a dredge boat operated by a gasoline engine.   His work consisted in getting wood for the cabin boat, dynamiting stumps, oiling machinery, etc.   He worked in this capacity until the holidays.   He returned after the holidays and was transferred to a steam dredge boat where he was engaged in the same character of work for about a month.   The following month, he was employed to operate a 25-horse-power gasoline engine stationed on the ground and used for pumping water.   The engine was cranked, or started, by hand in turning fly-wheels attached thereto.   He then returned home and was re-employed the first part of April following, to assist in rebuilding the gasoline dredge boat, which, in the meantime, had been injured by fire.   The rebuilding of the gasoline boat was completed

about April 20, with the exception of the compressed air starter, with which the engine had previously been equipped. There were two fly-wheels attached to the engine three and one-half feet apart; to one of which wheels a belt and pulley were attached. The engine was a 60 horsepower gasoline engine and the fly-wheels were much larger than the fly-wheels on the smaller gasoline engine which had theretofore been operated by appellee—being seven feet each in diameter. The engine was purchased directly from the manufacturer and was complete without an air starter. The method of starting it was to turn the fly-wheels by hand. Before the dredge boat was destroyed, the engine had a compressed air starter attached, which made it easier to turn the fly-wheels by hand. This starter had been bought separate and apart from the machinery and attached by appellee. It was destroyed during the fire and had not been replaced at the time appellee was injured. The engine was set on the deck, and the men could turn the fly-wheels by taking hold of them on the outside, without going in between them. Due to the fact that a pulley and belt were attached to one of the wheels through which the men would have to reach from the outside to take hold of the wheel, it was the custom for two or more men to take hold of the other wheel and turn same in order to crank the engine. Instead of taking hold of the wheel from the outside, often one of them got in between the fly-wheels, as it was more convenient and easier to turn the wheel in that way. It was a dangerous place to stand while turning the fly-wheel, because, if one's foot slipped, there was no way to get out. The engine and fly-wheels were on a level with the deck, open to the view of any one. Appellant had not instructed appellee on the dangers incident to going between the wheels in order to crank the engine. Appellee had, however, frequently seen other men, and had himself often assisted in starting the machinery, in the position he was at the time the injury occurred. When appellee was employed, he was told to do any kind of work about the boat, whether on duty or not. The period of appellee's

duty was from 12 o'clock noon until 12 o'clock midnight. The machinery was stopped and appellee went to bed at midnight before the injury occurred on the following morning. On that particular morning, he got up and ate breakfast with the rest of the employees. After breakfast he went out on the deck where the other shift of men were trying to start the engine, and, upon request of one of them, helped start the engine. In doing so, he went in between the fly-wheels, took hold of the wheel and attempted to turn it. As the engine fired, it jerked appellee's right hand between the spokes, his foot slipped, the wheel caught him by the shoulder and threw him down on the engine bed where the injury occurred. Had the compressed air starter been attached and in repair, it would not have prevented the injury if appellee had been in the same position he was in when the injury occurred. At the conclusion of the evidence, appellant asked a peremptory instruction, which was refused by the court.

The sole question presented on this appeal is whether the undisputed facts in the case show that appellee assumed the dangers incident to the work in which he was engaged. Appellee was not so young, unintelligent or inexperienced in the use of the engine in question as to come within the doctrine that the master must warn the servant of the dangers, patent or latent, incident to his work, and to instruct him how to avoid them. *River, Rail & Harbor Construction Co.* v. *Goodwin*, 105 Ark. 247. The evidence revealed that appellee was a young man, almost grown, of intelligence, and, at the time of the injury, he had had considerable experience in the operation of the machinery in which he was injured. If the failure to replace the compressed air starter was a defect in the machinery, it was patent to one of reasonable intelligence exercising ordinary care for his own safety. The danger in going in between the fly-wheels to assist in turning them, so as to crank the engine, was likewise obvious to such an employee. Under this state of case, established by the undisputed facts, the law attributes to the employee knowledge and appreciation of the danger

incident to the work in which the employee is engaged, and exempts the employer from any liability to him on account of the injury received. *Williams Cooperage Co.* v. *Kittrell,* 107 Ark. 341; *Wisconsin & Ark. Lbr. Co.* v. *Price,* 125 Ark. 480; *St. Louis S. W. Ry. Co.* v. *Compton,* 135 Ark. 563.

For error in refusing the peremptory instruction, the judgment is reversed and the cause dismissed.