### T. A. THOMAS & SONS *v.* WOLF.

### Opinion delivered May 30, 1921.

MASTER AND SERVANT—ASSUMED RISK.—The danger attendant upon unloading logs from a wagon standing on rough, sloping ground, in passing on the lower side to a point between the front and hind wheels and releasing the bumper which held the logs in place on the wagon was obvious to an experienced servant, and the risk was assumed by him.

Appeal from Clark Circuit Court; *Joe Hardage,* Special Judge; reversed.

*John H. Crawford* and *Dwight H. Crawford,* for appellants.

1. The court erred in refusing to direct a verdict for defendant. Wolfe was experienced, knew of the danger and assumed the risk. 90 Ark. 407; 96 *Id.* 387; 96 *Id.* 206; 108 *Id.* 483; 82 *Id.* 11; 68 *Id.* 316; 93 *Id.* 564; 101 *Id.* 197; 92 *Id.* 102; 95 *Id.* 560; 116 *Id.* 56; 118 *Id.* 304. See, also, 67 *Id.* 209; 226 S. W. 1055; 88 Am. St. 841; 158 Ind. 609; 92 Am. St. 319; 129 N. C. 173; 85 Am.

St. 740; 101 *Id.* 945; 109 *Id.* 917. See, especially, 115 Wis. 332; 95 Am. St. 947.

2. Appellee's second, third and fifth instructions were wrong and prejudicial.

3. The fourth was also wrong and prejudicial. 135 Ark. 341.

4. It was error to refuse the fifth and sixth instructions asked by appellant.

5. It was error to permit plaintiff to prove that there was a defective cable, because it was not shown that it was in any way connected with plaintiff's injury. 90 Ark. 210.

*W. H. Mizell,* for appellee.

1. The peremptory instruction was properly refused. The testimony of plaintiff was undisputed.

Statements by a person soon after an injury and while suffering from pain are entitled to slight credence and credit. 14 Ency. of Ev., p. 192. The citations of Arkansas cases by appellants do not sustain their contention. The only question is, did Wolfe assume the risk, and was he guilty of contributory negligence? We say he did not and was not. This case falls within the rule in 77 Ark. 367. See 110 Ark. 456; 77 *Id.* 367; 183 S. W. 189.

2. There was no error in the instructions given. Similar ones have been approved in the cases cited above.

Humphreys, J. Appellee instituted suit against appellants, a partnership composed of T. A. Thomas and his sons, in the Clark Circuit Court, to recover damages in the sum of $8,500, on account of the loss of a leg, occasioned through the alleged negligence of said appellants in providing a defective wagon from which, and a rough, sloping yard upon which, to unload logs.

Appellants filed an answer, denying that the injury resulted on account of their negligence, and interposed the further defenses of assumed risk and contributory negligence by appellee.

The cause was submitted upon the pleadings, evidence and instructions of the court, which resulted in a verdict and judgment in favor of appellee for $500. From the judgment, an appeal has been duly prosecuted to this court.

At the conclusion of the evidence, appellants requested the court to direct a verdict in their favor, which the court refused to do, over their objection and exception. Appellants now insist that the court committed reversible error in refusing to grant the request.

The facts necessary to a determination of this question are as follows: Appellee was forty-eight years of age and experienced in cutting and hauling logs. Appellants were operators of a sawmill. They employed appellee to haul logs to their log yard situated upon their tramway. They maintained a contrivance called a log boom in the yard for the purpose of pulling the logs by a wire cable from the yard and loading them upon the tramcars. The wire cable was short, and this necessitated the unloading of the logs near the tramway. In loading the logs on the cars by this process, trash and dirt were drawn toward the tramway, which made the ground rough and sloping at that point. Nathan Thomas, one of the appellants, told appellee in unloading to drive as close to the track, or tramway, as he could conveniently do, so that the logs, when unloaded, could be picked up easily by the loader. Appellants furnished appellee an 8-wheel wagon, for the purpose of hauling the logs, which contained a defect in the front bumper block that caused the buck pin to stick, so that it had to be knocked loose with an ax in order to release, or throw out, the bumper block. The purpose of removing the bumper blocks was to permit the logs to be rolled off the wagon. The pin could have been removed with the use of a canthook by one standing at the front end of the wagon, or by going to a point between the front and hind wheels on either the upper or lower side of the wagon, or under the wagon. There was no danger inci-

dent to removing the pin by the canthook method or by pulling or knocking it out from the upper side or under the wagon, but there was great danger incident to removing it if standing on the lower side of the wagon. It was possible for an active, alert man without being injured to remove it while standing on the lower side of the wagon. The condition of the yard at the point where appellee was directed to unload the logs, as well as the condition of the bumper, was obvious and known to appellee. In obedience to instructions theretofore given, appellee, on the morning of August 11, 1919, drove the wagon loaded with dogs in the open space near the tramway and boom so that it stood on rough, sloping ground. He passed on the lower side of the wagon, and, when he reached a point between the front and hind wheels, he knocked the pin loose with an ax, which released the front bumper block, and, before he could get out of the way, a log rolled off and crushed his leg, which necessitated amputation. Appellee was alone when the injury occurred. He had knocked out the bumper and unloaded logs in the same way and at the same place before that time without being injured.

According to the undisputed facts detailed above, the danger attendant upon unloading logs from a wagon standing on rough, sloping ground, in passing on the lower side to a point between the front and hind wheels and releasing the bumper which held the logs in place on the wagon by knocking or pulling out the buckpin, was obvious. The danger was obvious and necessarily appreciated by appellee, for he was intelligent and experienced in this particular character of work. He was cognizant of the defect in the bumper which caused the buckpin to hang, as well as the sloping condition of the yard where he stopped the wagon for the purpose of unloading the logs. There were other methods by which he could have released the bumper with safety to himself; for example, by the use of the canthook, or by going on the upper side or under the wagon and knocking or pulling out the buckpin. The undisputed facts bring the instant case

clearly within the doctrine of assumed risks. Precedent for the application of that doctrine to the facts in the instant case will be found in the cases of *Williams Cooperage Co.* v. *Kittrell,* 107 Ark. 341; *Wisconsin & Ark. Lbr. Co.* v. *Price,* 125 Ark. 480; *St. L. S. W. Ry. Co.* v. *Compton,* 135 Ark. 563; *Hunt* v. *Dell,* 147 Ark. 146.

For the error in refusing to direct a verdict in favor of appellants, the judgment is reversed and the cause dismissed.